ONEIDA OYER AND TERMINER, December 18, 1823.  Before
   *Walworth,* Circuit Judge, and the County Judges.

THE PEOPLE *vs.* PETER BURNS.

On the trial of an indictment, it is competent for the public prosecutor to
   prove, by parol, what the prisoner testified to on a complaint made by him
   before a magistrate against a third person.
Where it appeared that such complaint was made, and evidence given by the
   prisoner against others concerned in the commission of the crime, on the
   advice of his stepfather, and on the assurance that he would be admitted as
   "State's evidence," it was held the evidence ought not to be excluded on
   the ground of admissions obtained by inducements.

The prisoner was indicted for passing counterfeit money, and
the cause was tried at the Oneida Oyer and Terminer, in De-
cember, 1823.

*S. Beardsley,* (District Attorney,) for the people

*J. A. Spencer,* for the prisoner.

The public prosecutor offered parol evidence of what the
prisoner testified before a magistrate on making a complaint
against one Dana, which evidence was objected to by prisoner's
counsel.

WALWORTH, *Circuit Judge.*—There is no law requiring the
complaint to be in writing.  When the accused is brought up
for examination, the justice is to reduce to writing the substance
of his examination and the testimony of the witnesses, but this
does not extend to the original complaint.  If the complaint
had been reduced to writing and signed by the party, it might
be the best evidence of what he stated.  But the written me-
morandums of the justice, if produced, could only be used to
refresh his memory, and the evidence would still be by parol.
Objection overruled.

The counsel for the people then offered in evidence the exa-
mination of the prisoner, taken according to law, before the

The People *v.* Burns.

magistrate. This was objected to by the prisoner's counsel, who offered to prove that inducements had been held out to the prisoner to obtain his confession; and for this purpose called the stepfather of the prisoner, who testified that he advised the prisoner to go to the magistrate and make a complaint against others concerned, and that he would be admitted as state's evidence. It further appeared from the testimony of the prosecutor and magistrate, that the stepfather had taken great pains to screen the prisoner from justice; that he had in one instance enabled him to elude the pursuit of the officer who was endeavoring to arrest him; that he had told the magistrate the prisoner could bring out a large gang of counterfeiters, (which was not true.) The justice intimated to him that the prisoner had better surrender himself upon the warrant, but gave no further encouragement.

WALWORTH, *Circuit Judge.*—The examination in this case must go to the jury. Under all the circumstances it is a proper case for them to decide what credit is to be attached to .the testimony of the stepfather, who is called on the part of the prisoner. This is an entirely different case from those in which inducements are held out by the prosecutor, or by the officers of justice to the prisoner, for the purpose of obtaining confessions of his guilt.

The prisoner was convicted, but was recommended by the court for a pardon, that he might be a witness against another person, who appeared to be a wholesale dealer in counterfeit money.